# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SOUTHERN FOODS GROUP, LLC, *et al.*,<br><br>　　　　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 19-36314 (DRJ)<br><br>(Jointly Administered) |
| Dean Foods Company,<br>　　　　　　　　　　　　　　　Plaintiff,<br>　v.<br><br>Country Pure Foods, LLC,<br>　　　　　　　　　　　　　　　Defendant. | Adv. No. 21-03190 |

**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Defendant Country Pure Foods, LLC ("Defendant"), for its Answer to Plaintiff's Complaint, states as follows:

## NATURE OF THE CASE

1.　To the extent that the allegations contained in Paragraph 1 of the Complaint are factual and require an answer, Defendant denies them.

2.　To the extent that the allegations contained in Paragraph 2 of the Complaint are factual and require an answer Defendant denies them.

## JURISDICTION AND VENUE

3.　Defendant admits the allegations contained in Paragraph 3 of the Complaint.

1

12928607.1

4. Defendant admits that the matter is a core proceeding. The remaining allegations contained in Paragraph 4 of the Complaint state a legal conclusion to which no response is required. To the extent that the remaining allegations contained in Paragraph 4 of the Complaint are factual and require an answer, Defendant denies them. Defendant consents to the entry of final orders or judgment by this Court if it is determined this Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. To the extent that the allegations contained in Paragraph 6 of the Complaint are factual and require an answer, Defendant denies them.

## PROCEDURAL BACKGROUND

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint. To the extent footnote 2 of the Complaint calls for an answer, Defendant denies the same.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint. Defendant denies the allegations in footnote 3 of the Complaint.

## THE PARTIES

11. To the extent Plaintiff cites the Disclosure Statement, the Disclosure Statement speaks for itself. The remainder of paragraph 11 contains a legal conclusion to which no response is required. To the extent that the remaining allegations contained in Paragraph 11 of the Complaint are factual and require a response, Defendant denies them.

12. Paragraph 12 of the Complaint contains a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 12 of the Complaint are factual and require an answer, Defendant denies them.

13. Defendant admits that its principal place of business is at 222 South Main Street, Suite 401, Akron, Ohio 44308. To the extent Defendant must further answer, Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

## FACTUAL BACKGROUND

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, accordingly, denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, accordingly, denies the same.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, accordingly, denies the same.

17. The Plan and the Disclosure Statement speak for themselves. If Defendant must further answer, Defendant denies any remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits that the Preference Period is as stated. To the extent Defendant must further answer, Defendant lacks sufficient information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, accordingly, denies the same.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. To the extent that the allegations contained in Paragraph 21 of the Complaint are factual and require an answer, Defendant denies them.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, accordingly, denies the same.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, accordingly, denies the same. To the extent that Defendant must further answer, Defendant denies them.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Avoidance of Preference Period Transfers-11 U.S.C.§ 547)

25. Defendant incorporates all preceding paragraphs as if fully incorporated herein, to the extent they are not inconsistent with responses to this First Claim for Relief.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and, accordingly, denies the same.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 29 of the Complaint are factual and require an answer, Defendant denies them.

30. To the extent Paragraph 30 calls for a legal conclusion, no response is required. If Defendant must further answer, Defendant denies any remaining allegations set forth in paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains a legal conclusion to which no response is required. Answering further, Defendant has insufficient information on the allegations contained in Paragraph 31 of the Complaint and, therefore, Defendant denies them. To the extent

that Defendant must further answer, Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant admits Exhibit A speaks for itself. Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint contains a legal conclusion to which no response is required. Answering further, Defendant has insufficient information on the allegations contained in Paragraph 33 of the Complaint and, therefore, Defendant denies them.

34. Paragraph 34 of the Complaint contains a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 34 of the Complaint are factual and require an answer, Defendant denies them.

## Second Claim for Relief
### (Avoidance of Fraudulent Conveyances-11 U.S.C. §548(a)(1)(B)

35. Defendant hereby incorporates all previous allegations as though fully set forth herein, to the extent they are not inconsistent with responses to this Second Claim for Relief.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and, accordingly, denies the same. Paragraph 36 of the Complaint further contains a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 36 of the Complaint are factual and require an answer, Defendant denies them.

37. Paragraph 37 of the Complaint contains a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 37 of the Complaint are factual and require an answer, Defendant denies them.

### Third Claim for Relief
### (Recovery of Avoided Transfers 11 U.S.C. § 550)

38. Defendant hereby incorporates all preceding paragraphs as though fully incorporated herein, to the extent they are not inconsistent with responses to this Third Claim for Relief.

39. Paragraph 39 of the Complaint contains a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 39 of the Complaint are factual and require an answer, Defendant denies them.

40. Paragraph 40 of the Complaint contains a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 40 of the Complaint are factual and require an answer, Defendant denies them.

41. Paragraph 41 of the Complaint contains a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 41 of the Complaint are factual and require an answer, Defendant denies them.

### Fourth Claim for Relief
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j)

42. Defendant hereby incorporates all preceding paragraphs as if fully incorporated herein, to the extent they are not inconsistent with responses to this Fourth Claim for Relief.

43. Paragraph 43 of the Complaint contains a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 43 of the Complaint are factual and require an answer, Defendant denies them.

44. Defendant admits Defendant has not paid or turned over an amount equal to the Avoidable Transfer(s). Answering further, to the extent Paragraph 44 calls for a legal conclusion, Defendant need not answer. To extent Defendant must further answer, Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint contains a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 45 of the Complaint are factual and require an answer, Defendant denies them.

46. Paragraph 46 of the Complaint contains a legal conclusion to which no response is required. To the extent that the allegations contained in Paragraph 46 of the Complaint are factual and require an answer, Defendant denies them.

47. To the extent not expressly admitted in this Answer, Defendant denies every allegation set forth in the Complaint, any exhibit to the Complaint, and/or in any document referenced in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent received by Defendant, Defendant took the Transfers in good faith and for a reasonably equivalent value.

### SECOND AFFIRMATIVE DEFENSE

Defendant was not the ultimate transferee or recipient of all or certain of the Transfers. Defendant also was not the initial transferee of all or certain of the Transfers or the entity for whose benefit all or certain of the Transfers were made.

### THIRD AFFIRMATIVE DEFENSE

All Transfers were contemporaneous exchanges for new value given.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to assert the claims and causes of action set forth in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred in whole or in part by the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred by estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred in whole or in part by waiver.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary or required parties under rule 7019 of the Federal Rules of Bankruptcy Procedure and rule 19 of the Federal Rules of Civil Procedure.

## TENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are fully defensible pursuant to 11 U.S.C. § 547(c).

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise and plead additional affirmative defenses that may become known during the course of discovery in this matter or otherwise.

WHEREFORE, Defendant respectfully requests that this Court enter an order denying all of the relief sought in the Complaint, and enter a judgment against the Plaintiff providing as follows:

    a)     that Plaintiff takes nothing by reason of the Complaint;

    b)     that the Complaint is dismissed in its entirety with prejudice;

    c)     awarding Defendant its costs of suit and attorney's fees and other expenses incurred in connection with this action; and

      d)      awarding such other and further relief as is just and proper.

Respectfully submitted,

*Kyung S. Lee*
Kyung S. Lee PLLC
PARKINS LEE & RUBIO LLP
TX Bar No. 12128400
Pennzoil Place
700 Milam Street, Suite 1300
Houston, Texas 77002
Email: klee@parkinslee.com
Phone: 713-301-4751

AND

Rocco I. Debitetto, Esq. (Pro Hac Vice Pending)
HAHN LOESER & PARKS LLP
ridebitetto@hahnlaw.com
200 Public Square, Suite 2800
Cleveland, Ohio 44114
216.621.0150 – Telephone
216.241.2824 – Facsimile

*Attorneys for Defendant*
*Country Pure Foods, LLC*

12928607.1

## CERTIFICATE OF CONFERENCE

Ohio counsel for Defendant has conferred with Plaintiff's counsel to resolve a series of issues, including the selection of a mediator for the Adversary Proceeding, but has not been able to resolve the matter, and counsel for the Defendant makes this certification in accordance with Local Rule 9013-1(g)(1).

*Kyung S. Lee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he electronically filed the foregoing Answer and Affirmative And Other Defenses to Plaintiff's Complaint to Avoid and Recover Transfers Pursuant To 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record on August 23, 2021.

*Kyung S. Lee*

12928607.1